FILED
United States Court of Appeals
Tenth Circuit

March 21, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAUMON MONDELL OKYERE, SR.,

Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

Respondent - Appellee.

No. 12-5214

(D.C. No. 4:09-CV-00335-TCK-TLW)

(N.D. Oklahoma)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Applicant Jaumon Mondell Okyere, an Oklahoma state prisoner, filed a pro

se application for relief under 28 U.S.C. § 2254 in the United States District

Court for the Northern District of Oklahoma. The district court denied his

application. Proceeding pro se and *in forma pauperis*, Applicant now seeks a

certificate of appealability (COA) from this court to allow him to appeal the

district court's decision. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal

denial of § 2254 relief). We deny the application for a COA and dismiss the

appeal.

I.     BACKGROUND

After a jury convicted Applicant of first-degree murder and child neglect,

he was sentenced to life imprisonment without parole on the murder count and to

25 years' imprisonment on the child-neglect count. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) affirmed the murder conviction but reversed the child-neglect conviction. Applicant unsuccessfully sought postconviction relief in Oklahoma court.

Applicant then filed his § 2254 application, raising seven claims that had been rejected by the OCCA on direct appeal: (1) ineffective assistance of counsel; (2) improper denial of the public defender's motion to withdraw based on a conflict of interest arising because another attorney in the public defender's office had earlier represented Applicant's codefendant; (3) improper testimony of a representative of U.S. Cellular beyond his field of expertise; (4) cumulative error; (5) improper excusal of jurors for cause without inquiring why they felt that they could not be fair; (6) improper jury instruction that Applicant's trial witnesses had given prior inconsistent statements; and (7) repeated improper grants of the state's motions to continue over Applicant's objection. Applicant raises the first four claims in this court.

Applicant also raises two new claims: (1) insufficient evidence to corroborate his accomplice's testimony and therefore insufficient evidence of guilt; and (2) interference by state officials or prison authorities with inmate mail, thereby denying him his right to appeal the trial court's rejection of his collateral attack. But those claims have been waived by Applicant's failure to raise them in

district court.  *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (grounds for relief not raised in the district court are waived).

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).  "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [Applicant's] request for [a] COA."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

The district court carefully considered the four claims properly raised in this court. First, the district court concluded that Applicant was not denied effective assistance of counsel because Applicant had failed to show "that the result of his trial would have been different but for trial counsel's alleged deficient performance." R., Vol. II at 489 (Op. & Order at 21, *Okyere v. Rudek*, No. 4:09-CV-00335-TCK-TLW (N.D. Okla. Dec. 7, 2012), ECF No. 68). *See Strickland v. Washington*, 466 U.S. 668, 691–92 (1984). Second, the court ruled that the trial court adequately inquired into the alleged conflict of interest and properly concluded, based on assurances from the public defender, that there would be no actual conflict of interest. Third, the court held that the OCCA did not unreasonably apply federal constitutional law in holding that the challenged witness, an engineer with six years' experience at U.S. Cellular, was qualified to testify about cell-tower routing. And fourth, the court ruled that there was no cumulative error because there were not multiple errors. Reasonable jurists would not debate the district court's dismissal of these claims.

## III.  CONCLUSION

We DENY Applicant's Motion of January 28, 2013, and his application for a COA, and we DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge